JUSTICE HASSELL,
with whom JUSTICE LACY and JUSTICE KEENAN join, concurring.
I do not join the majority’s opinion for three significant reasons. First and foremost, the majority seems to suggest that Virginia’s strong adherence to the employment-at-will doctrine is more important than Virginia’s strong public policy which prohibits gender and/ or racial discrimination in the work place. Such a suggestion is inconsistent with precedent of this Court. We have already determined that termination of employment based on racial discrimination violates clear state policy against such discrimination and gives rise to a cause of action for wrongful discharge, notwithstanding the employment-at-will doctrine. Lockhart v. Commonwealth Education Systems, 247 Va. 98, 439 S.E.2d 328 (1994).
Second, I disagree with the majority’s opinion because I do not believe that this is an appropriate case to decide whether Virginia should accept or reject the indirect burden shifting method of proof recognized in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). Here, the plaintiff’s evidence of racial discrimination was so deficient that she would not have been able to establish a viable cause of action under any recognized burden of proof. Additionally, even though the majority says that when the McDonnell Douglas principles were enunciated, “[tjhere was no focus ... on the employment-at-will doctrine,” the majority neglects to acknowledge that the McDonnell Douglas burden of proof principles are applied by federal trial and appellate courts in Virginia. See Fuller v. Phipps, 67 F.3d 1137, 1141-42 (4th Cir. 1995). I believe that there may be instances where the application of the McDonnell Douglas principles may be proper, and I would reserve that determination for another day.
Finally, I disagree with the majority’s conclusion that a retaliatory discharge claim under Code § 65.2-308 is insufficient, as a matter of law, if a plaintiff alleges only that she incurred a job-related injury and was discharged after notifying her employer that she intended to file a workers’ compensation claim. Although the plain *196 tiff here failed to establish a prima facie case of retaliatory discharge, the factual allegations and evidence in any other case are not before this Court. The sufficiency of the evidence of each case must be reviewed on its own merit, and I believe that the majority’s placement of a blanket restriction on future cases is inappropriate.